SCHINDEL, FARMAN & LIPSIUS LLP
14 Penn Plaza Suite 500
(225 West 34th Street)
New York, New York 10122
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory V. Serio, Superintendent of Insurance of the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY, and as Assignee of PLATINUM INDEMNITY, LTD, <br><br> Plaintiff, <br><br> vs. <br><br> DWIGHT HALVORSON INSURANCE SERVICES, INC d/b/a F.S.I.M. INSURANCE SERVICES and FOOD SERVICES INSURANCE MANAGERS, INC., <br><br> Defendants | **Case No.:  04 CV 3361** <br><br> Hon. Richard M. Berman <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION** |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
AND/OR COMPEL MEDIATION AND STAY THE INSTANT ACTION

### I. PRELIMINARY STATEMENT

This is an action to recover unspecified money damages based on the claimed breach of written agreements between in Frontier Insurance Company ("Frontier") and Dwight Halvorson Insurance Services ("DHIS"), and the breach of a "Promissory Note" executed by FSIM in favor of Platinum Indemnity Limited ("Platinum"). Plaintiff, brings this action as Rehabilitator of Frontier and, on behalf of Frontier as assignee of Platinum Indemnity Limited ("Platinum").

The allegations in the complaint make it clear that the Limited Agency Agreement

*Brief In Support Defendants' Motion*

and the "Subscription Shareholders Agreement" between Platinum and FSIM are related agreement and, further, that the "Promissory Note" was ostensibly executed to fulfill obligation sunder the "Subscription Shareholders Agreement".

Frontier had its principal pace of business in Sullivan County, New York. Defendants are California corporations who maintained their place of business in California. By the terms of the Limited Agency Agreement, the business conducted thereunder was limited to California and Arizona.

The Limited Agency Agreement provides that if there is a dispute concerning the agreement, that dispute was to be submitted to mediation. Frontier ignored the demand for mediation and brings this action under the Limited Agency Agreement. Under the applicable law, the case should be dismissed and/or transferred based on improper venue. Additionally, the case should be dismissed based on the mediation clause in the Limited Agency Agreement or, in the alternative, this action should be stayed and an order compelling mediation issued.

## II.  STATEMENT OF FACTS

The relevant facts are not in dispute. Neither defendant is a New York resident, neither maintains a place of business in New York. The activities under the Limited Agency Agreement, by its terms, were limited to California and Arizona. *See* "Addendum No. 1" to Limited Agency Agreement (Exhibit A to Defendants' Answer). Moreover, the language of the Limited Agency Agreement provides that disputes are to be submitted to mediation

The Limited Agency Agreement, provides:

**Article 15 - Mediation and Venue**

> 15.1  If irreconcilable differences arise as to business done under this Agreement, either party may request, in writing, mediation of such difference. Such

>mediation shall be conducted pursuant to Commercial Mediation Rules of the American Arbitration Association. Such mediation shall be conducted in New York and concluded within thirty (30) days after notice of mediation. The costs of the parties incurred in the mediation shall be allocated by the mediator pursuant to the equities of the parties with respect to the matter mediated. Any such mediation shall be non-binding and without prejudice.
>
>15.2   If any dispute cannot be resolved by mediation, the parties agree that the courts of New York shall have exclusive jurisdiction to resolve any such dispute and that the internal law of the state of [Frontier's] domicile will apply to the interpretation and enforcement of the dispute.

**(See Limited Agency Agreement annexed as Exhibit A to Defendants' Answer)**.

By letter dated July 2, 2001, DHIS demanded mediation pursuant to the terms of the Limited Agency Agreement. **(See letter annexed as Exhibit C to Defendants' Answer)**. Frontier never responded to that demand but, instead, brought the instant action for the claimed breach of the Limited Agency Agreement.

### III.  LEGAL ARGUMENT

Defendants are not New York domiciles and, by its terms, their activities under the Limited Agency Agreement were restricted to California and Arizona. Accordingly, there is no basis for jurisdiction over the defendants or for venue in this district. *Metropolitan Life Insuranmce Company v. Romertson-CECO Corp.*, 84 F.3d 560 (2d Cir. 1996); *Mende v. Milestone Technologies, Inc.*, 269 F. Supp. 2d 246 (2003). Moreover, the Limited Agency Agreement provides that disputes are to be submitted to mediation. That provision should be enforced. 9 U.S.C. § 2.

**A.  The Court Does not have Personal Jurisdiction over the Defendants**

Both defendants are California corporations and the activities contemplated and performed under the Limited Agency Agreement were limited to California and in Arizona. In fact, there is not even an allegation that those activities took place in New York. *See, e.g.*, Complaint at ¶¶ 20-21). As such, there is no basis for jurisdiction over the defendants. *Metropolitan Life Insuranmce Company v. Romertson-CECO Corp.*, 84 F.3d 560 (2d Cir. 1996); *Mende v. Milestone Technologies, Inc.*, 269 F. Supp. 2d 246 (2003). Accordingly, the complaint should be dismissed.

### B. There is no Basis for Venue in this District

Plaintiff's complaint alleges that venue is proper "pursuant to 28 U.S.C. § 1391 (a)(1)(2) because a substantial part of the events and/or omissions giving rise to this action occurred within this district" (Complaint at ¶ 8). Defendants denies this assertion and interposed affirmative defenses of lack of jurisdiction and improper venue (Answer at ¶8, 138-140). 28 U.S.C. § 1391 (a)(1)(2) provides that where jurisdiction is founded on diversity of citizenship, venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... ." *See, e.g., Computer Express International, Ltd. V. Micronpc, LLC*, 2001 WL 1776162 (E.D.N.Y. 2001) (Glasser, DJ).

However, both defendants are California corporations and the activities contemplated and performed under the Limited Agency Agreement were limited to California and in Arizona. There is not even an allegation that those activities took place in New York. *See, e.g.*, Complaint at ¶¶ 20-21). Accordingly, there is no basis for venue in this district and the complaint should be dismissed.

### C. The Mediation Clause Should be Enforced

The Federal Arbitration Act (9 U.S.C. §§ 1-15) embodies the Congressional policy

favoring enforcement of mediation clauses. It provides that such mediation clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. *See, also, David L. Threlkeld & Co. V. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991); *S.A. Mineracao da Trindade-Samitri v. Utah International Inc.*, 745 F.2d 190, 194 (2d Cir. 1984); *G&R Moojestic Teats Inc., v. Maggiemoo's International, LLC.*, 2004 W.L. 1110423 (S.D.N.Y. 2004 (Sweet, DJ); *F.CB Richard Ellis, Inc. V. American Environmental Waste Management*, 1998 WL 903495 (E.D.N.Y 1998 )(Gleeson, DJ). Where the mediation clause is "broadly worded" all matters not expressly excluded are subject to arbitration. *Shearson Lehman Hutton, Inc. V. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991).

Here, the mediation clause in the Limited Agency Agreement governs "business done under this Agreement" without any limitation. Here, the complaint seeks to recover money damages for various alleged breaches of the terms and conditions of the Limited Agency Agreement. Accordingly, the mediation clause governs the issues in dispute. Accordingly, the Court should issue an order compelling mediation and saying all proceedings in this action related to the Limited Agency Agreement. 9 U.S.C. § 3; *CB Richard Ellis, Inc. V. American Environmental Waste Management*, 1998 WL 903495 (E.D.N.Y 1998 )(Gleeson, DJ).

## IV.  CONCLUSION

For the foregoing reasons, Defendants Dwight Halvorson Insurance Services, Inc. ("DHIS") and Food Service Insurance Managers, Inc.("FSIM") request that the Court issue an order: (1) dismissing the complaint herein for lack of jurisdiction, or; (2) dismissing the complaint for improper venue, or; (3) dismissing the complaint for Frontier's failure to comply with the demand for mediation, or; (4) compelling plaintiff to submit to mediation pursuant to the language of the Limited Agency Agreement and staying the proceedings herein, and (5) granting such other and

different relief as is just and equitable.

Dated:   August 25, 2004
         New York, New York

                                        SCHINDEL, FARMAN & LIPSIUS LLP
                                        Attorneys Defendants


                                        By: _____
                                        Lorienton N.A. Palmer (LP3934)
                                        Marc I. Kunkin (MK 4182)
                                        14 Penn Plaza, Suite 500
                                        New York, NY  10122
                                        Telephone No.: (212) 563-1710
                                        Fax: (212) 695-6602
                                        File No.: 3090.0001


TO:      ENTWISTLE & CAPPUCCI, LLP
         299 Park Avenue - 14th Floor
         New York, NY 10171
         (212) 894-7200
         Attn:  William S. Gyves, Esq.