# ENTWISTLE & CAPPUCCI LLP

ATTORNEYS AT LAW
299 PARK AVENUE
NEW YORK, NEW YORK 10171-1499
TELEPHONE: (212) 894-7200
TELECOPIER: (212) 894-7272
www.entwistle-law.com

AUSTIN, TX
CHICAGO, IL
FLORHAM PARK, NJ

NEW YORK, NY
TALLAHASSEE, FL
WASHINGTON, DC

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11|10|04
```

November 4, 2004

**MEMO ENDORSED**

**VIA FEDERAL EXPRESS**
Honorable Kenneth M. Karas, U.S.D.J.
The Daniel J. Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

Re:    **Frontier Insurance Co. v. Dwight Halvorson Insurance
       Services, et al., 04 Civ. 3361 (KMK)**

Dear Judge Karas:

We represent plaintiff Gregory V. Serio, Superintendent of Insurance of the State

of New York (the "Superintendent"), as both the Rehabilitator of Frontier Insurance Company

("FIC") and Assignee of Platinum Indemnity, Ltd., in the above-referenced matter. We write on

behalf of all parties and with the consent of defense counsel to request an extension of the

discovery phase of this litigation. No previous request for such an extension has been made by

any party.

In a Case Management Plan dated July 8, 2004, the Honorable Richard M.

Berman set a discovery cut-off date of November 30, 2004. (On or about October 6, 2004, this

matter was reassigned to Your Honor). At the initial conference during which Judge Berman set

the discovery cut-off date, we advised the Court that the relative complexity of this matter would



Honorable Kenneth M. Karas, U.S.D.J.
November 4, 2004
Page 2

require extensive discovery and that there was a distinct possibility that the parties would be

unable to complete that discovery by November 30th. Judge Berman at the time encouraged us

to press forward diligently with discovery but nonetheless expressed a willingness to revisit this

issue if necessary. As discussed below, despite our diligent efforts to advance this case, a

genuine need has, indeed, arisen for additional time within which to complete discovery and

properly prepare this matter for trial.

### Nature of the Litigation

This action was commenced on May 3, 2004. It arises out of a workers'

compensation insurance program that the defendants developed for and marketed to the food

services industry. FIC issued a series of insurance policies as part of this program and, in return,

was contractually entitled to receive certain payments from the defendants, whose clients were

the insureds under those policies.

The gravamen of the Superintendent's claim is that the defendants collected

premiums from in excess of 200 entities insured under the program but failed to remit millions of

dollars to which FIC was entitled under the parties' contract. In short, this case will turn on the

complex task of tracking the enormous volume of premiums paid to the defendants but withheld

from FIC.

The Superintendent also asserts an assigned claim of a Bermuda-based entity

involved in the reinsurance aspect of this same insurance program. The Superintendent seeks to

recover several million dollars the defendants owe to that offshore entity.

In their Answer filed on or about June 25, 2004, the defendants denied the

material allegations asserted against them in this action.

Honorable Kenneth M. Karas, U.S.D.J.
November 4, 2004
Page 3

### Status of Discovery

The parties in good faith have pressed forward with discovery. They made their initial Rule 26(a) disclosures on August 30, 2004, including substantial initial document productions. The Superintendent propounded document demands and interrogatories during the first week of October 2004.[1] The defendants' responses to this paper discovery are due within the next few days. If and when those documents are produced, the Superintendent is fully prepared to proceed to the deposition phase of this litigation.

The Superintendent also is in the process of serving subpoenas on many of the more than 200 entities insured through the insurance program in question. Each one of those insureds possesses relevant knowledge and documents pertaining to the payment of premiums to the defendants. The issue of whether the defendants remitted to FIC all of the premiums to which it was entitled is one of the core issues in this case. Pursuit of this discovery from non-parties is absolutely critical to the Superintendent's claims. The magnitude of this non-party discovery is one of the primary reasons why we submit an extension of the cut-off date is warranted.

---

[1] The Superintendent was delayed in propounding this discovery due to a need to commit resources to two other fronts in the litigation. First, at the initial conference before Judge Berman, defense counsel advised that he intended to seek leave to amend the Answer to assert counterclaims against FIC. We advised Judge Berman that, under the New York Insurance Law, no affirmative claims can be asserted against an insurer in rehabilitation. Rather than engage in extended motion practice, Judge Berman directed counsel to attempt to resolve the issue amicably. On July 21, 2004, we submitted for defense counsel's consideration an extensive analysis of the controlling New York law on the issue. On or about August 4, 2004, defense counsel advised that he would not be seek to assert the counterclaims.

Second, on August 25, 2004, the defendants moved to dismiss the Complaint on numerous grounds. On September 27, 2004, the Superintendent filed substantial papers in opposition to this application, which is now fully briefed.

Honorable Kenneth M. Karas, U.S.D.J.
November 4, 2004
Page 4

# MEMO ENDORSED

Further complicating matters, this litigation likely will involve extensive discovery in Bermuda, the base of operations for the offshore entity that has assigned its claims to the Superintendent. The bulk of the documents and witnesses relating to these assigned claims are located in Bermuda. Presumably, the defendants will be pursuing discovery in that jurisdiction.

In terms of the deposition phase of discovery, we anticipate a relatively substantial number of depositions will be required. In our initial disclosures, we identify six persons as potential witnesses who possess knowledge of facts that will support the Superintendent's claims. The defendants have identified twelve such witnesses. In addition, it may be necessary to depose certain of the insureds that have been or shortly will be served with subpoenas.

\*　　\*　　\*　　\*

In light of the above, and on behalf of both the Superintendent and the defendants, we respectfully request a ninety-day extension of the discovery schedule. We are available at the Court's convenience should Your Honor conclude that a conference is necessary to address this request or any other aspect of the litigation.

Thank you in advance for your consideration.

Respectfully submitted,

William S. Gyves (WG 2770)

*The parties' request for an extension of discovery is granted until February 9, 2005. No further extensions shall be granted absent good cause. The parties shall attend a status conference before the court at 10:30 am on March 4, 2005.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.

*11/10/04*

cc:　Lorienton N.A. Palmer, Esq. (via facsimile)