USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY V. SERIO,

                Plaintiff,

-v-

DWIGHT HALVORSON INSURANCE
SERVICES, INC., *et ano*,

                Defendants.

Case No. 04-CV-3361 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

       On August 25, 2004, defendants moved the Court to dismiss the case or, in the alternative, compel the parties to engage in mediation and stay these proceedings. In the motion, the defendants contend that the Court lacks personal jurisdiction over them and that venue is improper. Defendants also contend that these proceedings should either be dismissed or stayed while the parties undertake non-binding mediation under a mediation agreement in a contract between some of the parties. Plaintiff responded on September 27, 2004. Defendants replied on October 15, 2004. The motion is now fully submitted and the Court has scheduled oral argument at 2:30 p.m. on Friday, December 3, 2004.

       The Court has reviewed the parties' submissions, the record, and the applicable law and determined that defendant's motion must be construed as a motion for summary judgment under Fed. R. Civ. P. 56. Defendants did not make a motion under Fed. R. Civ. P. 12(b) prior to answering plaintiff's complaint, and therefore that motion is no longer available to them. *See* Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."); *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633, 2003

WL 553580 at *2 (S.D.N.Y. Feb. 27, 2003) (Cote, J.) ("There are generally three means by which a party may challenge venue or personal jurisdiction: 1) a timely motion under Rule 12(b) ..., 2) a motion under Rule 56, ... or 3) a request for an adjudication of disputed jurisdictional facts, either at a hearing pursuant to Rule 12(d) ... or in the course of a trial on the merits.") (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

The Court notes that both parties have submitted affidavits and evidence in support of their briefs. Since the Court is converting defendant's motion to dismiss to a motion for summary judgment, the Court informs the parties that they may submit additional evidence, including affidavits, in support of their arguments no later than **Wednesday, December 1, 2004**. If the parties believe that it is necessary to have the issues raised in defendants' motion decided in a hearing pursuant to Fed. R. Civ. P. 12(d), the parties shall address that issue in their submissions on December 1, 2004.

The Court also requests that the parties each submit additional briefing prior to the oral argument discussing whether the "Mediation and Venue" clause in Article 15 of the Limited Agency Agreement, which was entered into by Frontier Insurance Company ("Frontier") and Dwight Halvorson Insurance Services, Inc. ("Dwight Halvorson") on or about January 14, 1998, applies to all the parties and claims in this action.

From the Court's initial review of the record and the parties' arguments, it appears that plaintiff, as Frontier's rehabilitator, raises two distinct sets of claims in this action: those that always belonged to Frontier (the "Frontier Claims") and those that belonged originally to Platinum Indemnity, Ltd. ("Platinum") but were assigned to Frontier (the "Platinum Claims"). The Frontier Claims apparently arise under the Limited Agency Agreement and are directed

2

against Dwight Halvorson. The Platinum Claims apparently arise under a different agreement (the Subscription and Shareholders Agreement entered into by Platinum and Food Service Insurance Managers, Inc. on or about January 16, 1998) and a Promissory Note dated November 8, 2000 between Platinum and Food Service and are directed against Food Service.

The Court directs the parties to address the specific question of whether the "Mediation and Venue" clause in Article 15 of the Limited Agency Agreement applies to any of the parties or causes of action involved in the Platinum Claims.

The parties may submit papers addressing this issue no later than **Wednesday, December 1, 2004**.

Not including any affidavits or additional evidence, the parties' briefs containing arguments regarding (i) any new evidence presented, (ii) whether a hearing under Rule 12(d) is appropriate, and (iii) the issue related to the "Mediation and Venue" clause discussed above shall be no longer than 15 pages.

Therefore, it is hereby

ORDERED that defendants' motion to dismiss is converted to a motion for summary judgment under Fed. R. Civ. P. 56. The parties may submit additional evidence for the Court's consideration no later than **Wednesday, December 1, 2004**. It is further

ORDERED that each party shall provide additional briefing on the issue regarding the "Mediation and Venue" clause raised by the Court above. It is further

ORDERED that any briefs submitted by the parties containing arguments regarding (i) any new evidence presented, (ii) whether a hearing under Fed. R. Civ. P 12(d) is appropriate, and (iii) the issue related to the "Mediation and Venue" clause raised by the Court above shall be no longer than 15 pages.

SO ORDERED.

Dated:      November 18, 2004
            New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE