SCHINDEL, FARMAN & LIPSIUS LLP
14 Penn Plaza Suite 500
(225 West 34th Street)
New York, New York 10122
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory V. Serio, Superintendent of Insurance of the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY, and as Assignee of PLATINUM INDEMNITY, LTD,<br><br>      Plaintiff,<br><br>vs.<br><br>DWIGHT HALVORSON INSURANCE SERVICES, INC. d/b/a F.S.I.M. INSURANCE SERVICES and FOOD SERVICES INSURANCE MANAGERS, INC.,<br><br>      Defendants | **Case No.: 04 CV 3361 (KMK)**<br><br>**Hon. Kenneth M. Karas**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION** |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AND/OR COMPEL MEDIATION AND STAY THE INSTANT ACTION

### PRELIMINARY STATEMENT

This supplemental memorandum is submitted on behalf of defendants, in response to the Court's Order Dated November 18, 2004 and in further support of defendants' motion to dismiss the complaint based on lack of jurisdiction and improper venue and to compel mediation and stay the proceeding herein based on the mediation clause in the relevant agreements.

This is an action to recover unspecified money damages based on the claimed breach of

*Supplemental Brief In Support Defendants' Motion*

written agreements between Frontier Insurance Company ("Frontier") and Dwight Halvorson Insurance Services ("DHIS"), and the breach of the terms of a "Promissory Note" executed by FSIM in favor of Platinum Indemnity Limited ("Platinum"). Plaintiff, brings this action as Rehabilitator of Frontier and, on behalf of Frontier as assignee of Platinum Indemnity Limited ("Platinum").

The complaint alleges that DHIS breached the 1998 "Limited Agency Agreement" between Frontier and DHIS and seeks unspecified damages for this claimed breach. (Complaint ¶¶ 35-53, 60-65 & 80-92). The claims for breach of the Limited Agency agreement will be referred to as the "Frontier Claims."

The complaint further alleges that Platinum assigned its rights under the Promissory Note to Frontier and seeks recovery under the terms of the Promissory Note. Frontier's claims to recover from FSIM under the "Promissory Note" will be referred to as the "Platinum Claims."

The relevant facts as to the residences of the parties and their connection to New York are not disputed. DHIS and FSIM are California Corporations with their principal place of business in California (¶¶15-19 of complaint). Frontier had its principal pace of business in New York (¶ 9). Platinum is a Bermuda corporation with its principal place of business in Bermuda (¶34 of complaint).

The relevant agreements are before the Court on the parties prior submissions. The January 1,1998 "Limited Agency Agreement" between Frontier and DHIS is annexed as <u>Exhibit A</u> to Defendants' answer.

The January 16, 1998 "Subscription and Shareholders Agreement" between FSIM and Platinum is annexed as <u>Exhibit B</u> to Defendants' answer.

The November 8, 2000 "Promissory Note" executed by FSIM is annexed as <u>Exhibit C</u> to Defendants' answer and as <u>Exhibit A</u> to plaintiff's complaint.

Defendants do not believe it is necessary to have a Rule 12(d) hearing.

## THE PLATINUM CLAIMS

The "Mediation and Venue" clause in Article 15 of the Limited Agency Agreement does not apply to the parties or causes of action involved in the Platinum Claims. The parties to the Limited Agency Agreement are DHIS and Frontier. The parties involved in the Platinum Claims are FSIM and Platinum. Neither Platinum nor FSIM has any connection to New York.

The Promissory Note and the related Subscription Shareholders Agreement are the basis of the Platinum Claims. The parties to those agreements are FSIM and Platinum. Each document (as well as the pleadings herein) identifies Platinum as a Bermuda company and FSIM as a California Corporation. There is no suggestion that FSIM or Platinum has any relationship to New York that is relevant to the Promissory Note or to the Subscription Shareholders Agreement.

The Subscription Shareholders Agreement provides for arbitration of all disputes in Bermuda and further provides that the agreement "shall be construed and enforced in accordance with, and governed by, the laws of Bermuda." *See* Subscription Shareholders Agreement at ¶¶ 14-15 (Exhibit B to Answer). It also contains a mandatory arbitration clause that provides for arbitration of all disputes in Bermuda. Specifically, paragraph "15" states, in part:

> **Arbitration**. If any dispute shall arise between the parties to this Agreement with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such disputes arises (sic) before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by each party and the third by the two so chosen . . .

*See* Subscription Shareholders Agreement at ¶15 (Exhibit B to Answer).

*Supplemental Brief In Support Defendants' Motion*                                                                 Page 3 of 5

The Promissory Note (Exhibit A to complaint and Exhibit C to Answer), by its terms, requires an interpretation of the Subscription Shareholders Agreement. It further states that it shall be governed by Bermuda law and provides for jurisdiction and venue in Bermuda. Specifically, paragraph "G" states:

> THIS PROMISSORY NOTE SHALL BE GOVERNED BY BERMUDA LAW WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES. SUIT HEREUNDER MAY BE BROUGHT IN A BERMUDA COURT. DEBTOR HEREBY IRREVOCABLY AND KNOWINGLY WAIVES ANY OBJECTION TO SUIT IN SUCH COURT DUE TO INCONVENIENCE OR UNSUITABILITY OF FORUM, VENUE OR OTHERWISE, AND HEREBY WAIVES ANY RIGHT DEBTOR MAY HAVE TO A JURY TRIAL. The foregoing shall not prejudice Creditor's right to bring suit in any jurisdiction it deems desirable or to enforce any judgments obtained in any jurisdiction. The remedies provided herein are not exclusive and Creditor shall have the option to utilize any one or more remedies available at law or in equity to enforce the provisions of this Note.

*See*, Promissory Note (Exhibit A to complaint and Exhibit C to Answer) at paragraph "G."

The arguments and authorities previously submitted by defendants apply equally to the Frontier Claims and to the Platinum Claims. More specifically, as to the Platinum Claims, neither Platinum nor FSIM has any connection to New York. Moreover, the agreements that support the Platinum Claims provide for arbitration in Bermuda and the application of Bermuda law. Accordingly, the Platinum Claims are subject to arbitration in Bermuda and the Frontier Claims are subject to mediation. *See, e.g.*, 9 U.S.C. § 2; *David L. Threlkeld & Co. V. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991).

## CONCLUSION

For the foregoing reasons, Defendants Dwight Halvorson Insurance Services, Inc.

("DHIS") and Food Service Insurance Managers, Inc.("FSIM") request that the Court grant their motion.

Dated: December 17, 2004
      New York, New York

                    SCHINDEL, FARMAN & LIPSIUS LLP
                    Attorneys Defendants

                    By: _____
                    Lorienton N.A. Palmer (LP3934)
                    Marc I. Kunkin (MK 4182)
                    14 Penn Plaza, Suite 500
                    New York, NY 10122
                    Telephone No.: (212) 563-1710
                    Fax: (212) 695-6602
                    File No.: 3090.0001

TO:    ENTWISTLE & CAPPUCCI, LLP
        299 Park Avenue - 14th Floor
        New York, NY 10171
        (212) 894-7200
        Attn:  William S. Gyves, Esq.
                 Adfam F. Jachimowski, Esq.