UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
Gregory V. Serio, Superintendent of Insurance  :  04 CV 3361 (KMK)
of the State of New York, as Rehabilitator of  :
FRONTIER INSURANCE COMPANY, and as  :
Assignee of PLATINUM INDEMNITY, LTD.,  :
:
         Plaintiff,  :  **DECLARATION OF**
:  **NICHOLAS J. PULEIO**
    -against-  :
:
DWIGHT HALVORSON INSURANCE  :
SERVICES, INC. d/b/a/ F.S.I.M. INSURANCE  :
SERVICES and FOOD SERVICE INSURANCE  :
MANAGERS, INC.,  :
:
        Defendants.  :
:
------------------------------------------------------------------------x

    NICHOLAS J. PULEIO, pursuant to 28 U.S.C. § 1746, being of full age, hereby

declares as follows:

    1.  I am a consultant assigned by the New York State Superintendent of

Insurance to Frontier Insurance Company in Rehabilitation ("FIC"). I respectfully submit this

Declaration in support of the Superintendent's motion for partial summary judgment on the

promissory note claim set forth in Count IV of the Complaint in this matter.

    2.  I have been assigned to FIC since 2002, shortly after the Superintendent

placed the company into rehabilitation. My principle responsibility is the day-to-day

management of the Superintendent's efforts to recover FIC's assets. In this capacity, I have had

direct responsibility for recovering the amount due on the promissory note at issue in this case.

    3.  I have personal knowledge of the facts set forth herein, based upon my

direct involvement in the efforts to collect on the note in question and my review of FIC's files

relating to the subject matter of this litigation.

## The Commutation Agreement

4.      This litigation arises out of a workers' compensation insurance program that defendants Dwight Halvorson Insurance Services, Inc. ("DHIS") and Food Service Insurance Managers, Inc. ("FSIM") developed for and marketed to the food service industry. FIC issued certain insurance policies as part of the so-called FSIM Program.

5.      In connection with the FSIM Program, FIC and Platinum Indemnity, Ltd. ("Platinum") entered into a Reinsurance Agreement.

6.      Subsequent to FIC's termination of its involvement in the FSIM Program, a dispute arose between the Superintendent and Platinum regarding the Reinsurance Agreement.

7.      On or about December 27, 2002, the Superintendent and Platinum executed a Commutation Agreement pursuant to which they resolved their differences amicably. A true and correct copy of this Commutation Agreement is attached hereto as Exhibit A.

8.      Among other things, the Commutation Agreement required Platinum to assign to the Superintendent all of its right, title and interest in, among other things, a promissory note FSIM executed for Platinum's benefit (the "Note") in connection with FSIM's contractual arrangement with Platinum relating to the FSIM Program.

## The Assignment

9.      Simultaneous with its execution of the Commutation Agreement, Platinum also executed an assignment in which it assigned to the Superintendent its claims against FSIM (the "Assignment").  Among other things, Platinum assigned to the Superintendent all of its right, title and interest in the Note.  A true and correct copy of the Assignment is attached hereto as Exhibit B.

10.      On or about March 5, 2003, the Superintendent sought court approval of the Commutation Agreement with Platinum, as required by the New York Insurance Law.  A

true and correct copy of the Superintendent's Verified Petition seeking this judicial approval is attached hereto as Exhibit C.

11.    In an Order dated May 2, 2003, the Supreme Court of the State of New York for New York County formally approved the Commutation Agreement between the Superintendent and Platinum.  A true and correct copy of the Order is attached hereto as Exhibit D.

12.    The unpaid balance on the Note as of the date of the Assignment was $322,515.00, exclusive of the interest which is expressly provided for in the Note.

13.    The Superintendent is pursuing his claim against FSIM for default on the Note in his capacity as Platinum's assignee.

14.    Subsequent to the commencement of this litigation, Howard Mills succeeded Gregory V. Serio as head of the New York State Insurance Department.  Mr. Mills also assumed Mr. Serio's role as FIC's Rehabilitator.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2005.

NICHOLAS J. PULEIO

**EXHIBIT A**

# COMMUTATION AGREEMENT

REINSURANCE COMMUTATION AND RELEASE AGREEMENT (the "Commutation") effective as of the latest date of execution set forth below, by and between GREGORY V. SERIO, Superintendent of Insurance of the State of New York as Rehabilitator (the "Rehabilitator") of Frontier Insurance Company ("Frontier") and Platinum Indemnity Limited, a company organized and existing under the laws of the Islands of Bermuda ("Platinum") (collectively the "Parties").

WHEREAS, effective January 1, 1998, Frontier entered into a certain reinsurance agreement with Platinum, attached hereto as Exhibit 1 (the "Agreement"), whereby Platinum was committed to reinsure certain risks of Frontier in respect of Frontier's liability on certain direct policies classified as food manufacturing and related industries and produced by Dwight Halvorson Insurance Services of Roseville, California.

WHEREAS, on October 15, 2001, Frontier was placed into rehabilitation by Order of the Supreme Court of the State of New York (the "Order of Rehabilitation"), attached hereto as Exhibit 2. Pursuant to the Order of Rehabilitation and Article 74 of the New York Insurance Law, the Rehabilitator was ordered to take possession of the property and conduct the business of Frontier;

WHEREAS, certain disputes have arisen between the Parties regarding the rights, duties and obligations pursuant to the Agreement;

WHEREAS, pursuant to a Subscription and Shareholders Agreement made as of January 16, 1998 and annexed hereto as Exhibit 3, Food Services Insurance Managers, Inc., a corporation organized and existing under the laws of California ("FSIM"), has undertaken to pay certain amounts to Platinum as additional capital contributions and as indemnification for negative balances in the account for Undistributed Profit Attributable to the Preferred Share (the "FSIM Obligations");

FIC/FSIM 000139

WHEREAS, in partial performance of the FSIM Obligations, FSIM issued a promissory note to Platinum on or about November 8, 2000 pursuant to which FSIM undertook to pay $469,515.00 together with interest thereon (the "FSIM Promissory Note"), copy of which is annexed as Exhibit 4; and

WHEREAS, FSIM defaulted on the FSIM Promissory after making only seven monthly payments of $21,000.00, leaving a remaining indebtedness in excess of $322,515.00; and

WHEREAS, Platinum has issued written demands to FSIM for payment of amounts due and outstanding in respect of the FSIM Obligations, including the FSIM Promissory Note, and FSIM has substantially failed to pay such amounts; and

WHEREAS, recognizing the value of settling such disputes expeditiously, Platinum has offered to pay and the Rehabilitator has agreed to accept the sum of **$2,918,851.65**, comprised of $15,000.00 cash and an assignment of the FSIM Obligations, including without limitation the FSIM Promissory Note, in accordance with the terms set forth herein in full and final satisfaction of Platinum's and the Rehabilitator's past, present, and future liabilities and/or obligations to each other, relating to or arising out of the Agreement(s).

NOW THEREFORE, the Rehabilitator and Platinum agree as follows:

### ARTICLE A - PAYMENTS

1. Within fifteen (15) days of service upon Platinum of an Order approving the terms of this Commutation, Platinum shall pay to the Rehabilitator by wire transfer the sum of **$15,000.00** and shall deliver a duly executed Assignment in the form annexed hereto as Exhibit 5 assigning to the Rehabilitator all right, title and interest in the FSIM Obligations, including without limitation the FSIM Promissory Note (the "Settlement Consideration").

2

2. The Rehabilitator shall accept the Settlement Consideration in full and final settlement of any and all amounts claimed to be due by Platinum to the Rehabilitator relating to or arising out of the Agreement.

### ARTICLE B - RELEASES

1. Simultaneous with transfer of the Settlement Consideration to the Rehabilitator, the Rehabilitator, its predecessors, successors, and assigns and its or their respective past, present and future employees, agents, attorneys, and legal representatives hereby release, acquit, and forever discharge Platinum, its predecessors, successors, heirs and assigns, and its or their respective past, present, and future officers, directors, shareholders, employees, agents, receivers, trustees, attorneys, and legal representatives from any and all claims, demands, causes of action, liabilities, obligations, costs, disbursements, fees, attorneys' fees, expenses, damages, and injuries of every kind, nature, and description based on, relating to, or arising out of the Agreement whether or not now known, suspected, reported, or claimed, whether fixed or contingent, and whether currently existing or arising in the future, provided, however, that nothing in this Commutation shall be construed so as to negate or diminish the liability of FSIM in respect of the FSIM Obligations, including without limitation the ongoing obligation to fund negative balances calculated as of future dates.

2. Simultaneous with transfer of the Settlement Consideration to the Rehabilitator, Platinum, its predecessors, successors, heirs and assigns, and its or their respective past, present, and future officers, directors, shareholders, employees, agents, receivers, trustees, attorneys, and legal representatives hereby release, acquit, and forever discharge Frontier and the Rehabilitator, their predecessors, successors, and assigns and their respective past, present, and future employees, agents, attorneys, and legal representatives from any and all claims, demands, causes of action, liabilities, obligations, costs,

3

disbursements, fees, attorneys' fees, expenses, damages, and injuries of every kind, nature, and description based on, relating to, or arising out of the Agreement whether or not now known, suspected, reported, or claimed, whether fixed or contingent and whether currently existing or arising in the future.

     3. Platinum shall file no claim whatsoever in any rehabilitation or other receivership proceeding concerning Frontier based on, arising out of, or relating to the Agreement.

## ARTICLE C - APPROVALS

     1. The Rehabilitator will apply to the Justice of the Supreme Court of the State of New York supervising the Frontier Rehabilitation for an Order approving the terms of this Commutation ("Court Approval").

     2. Platinum shall cooperate fully with the Rehabilitator and will use its best efforts to aid the Rehabilitator in obtaining Court Approval.

## ARTICLE D - REPRESENTATIONS AND WARRANTIES

     1. Platinum hereby represents and warrants to the Rehabilitator that:

     (a) Platinum is a company duly organized, validly existing, and in good standing under the laws of the Islands of Bermuda;

     (b) Platinum, and the individual executing this Commutation and the Assignment on its behalf, each has the full legal right, power, and authority (corporate and otherwise) to execute, deliver, and perform this Commutation and Assignment;

     (c) All corporate action by Platinum necessary for the execution, delivery, and performance of this Commutation and Assignment by Platinum has been duly taken;

4

(d) This Commutation and the Assignment when executed and delivered will constitute a valid and legally binding obligation of Platinum;

(e) No action, consent, or approval of any person, entity, court, or other governmental authority is required by Platinum for the lawful execution or delivery of this Commutation and the Assignment or the lawful performance and consummation of the transactions contemplated hereby;

(f) The execution and delivery of this Commutation and Assignment and the performance and consummation of the transactions contemplated herein will not violate any provision of any law or conflict with the Certificate of Incorporation or By-laws of Platinum or any order, writ, injunction, or decree of any court or other governmental authority;

(g) Platinum has not done, nor will it do, any act or provide any reward whatsoever, or give anything of value to any person(s), entity, or the Rehabilitator as an inducement to enter into this Commutation and Assignment and that the Commutation and Assignment are entered into in good faith and without any collusion or fraud; and

(h) Platinum has not assigned, sold or transferred any interest in the Agreement.

## ARTICLE E - NONDISCLOSURE

1. The Rehabilitator and Platinum expressly agree that the terms and conditions of this Commutation shall not be disclosed by either Party without the prior written consent of the other except to the companies to whom business covered by the Agreement(s) was retroceded or where required by law. The Parties expressly agree that such written consent shall not be unreasonably withheld.

5

FIC/FSIM 000143

2. In the event disclosure is to be made pursuant to this Article Section 1, the disclosing Party shall give prior written notice to the other Party specifying the information to be disclosed, the manner of disclosure, and to whom disclosure is to be made.

3. No disclosure shall be made to any third party unless said third party states in writing to the Parties hereto prior to disclosure that said third party agrees to and is bound by this Article.

## ARTICLE F - DELIVERY OF NOTICE

1. All notices required hereunder shall be in writing and shall be given by personal delivery, or registered or certified mail, return receipt requested, postage prepaid to the addresses set forth in Section 2 of this Article, and shall be deemed given upon receipt. In addition, notice may be given by facsimile transmission and shall be deemed given upon the receipt of the transmission and the mailing of a hard copy of the transmission.

2. Notices to the Parties shall be addressed as follows:

**Notice to the Rehabilitator:**

Superintendent of Insurance of
the State of New York as Rehabilitator of
Frontier Insurance Company
123 William Street
New York, NY 10038-3889

ATTN:  John Tafuro
        Director of Reinsurance

Notice to Platinum:

Platinum Indemnity Limited
P.O. Box HM 2267
Windsor Place, 3d Floor
18 Queen Street
Hamilton HM JX
Bermuda

ATTN:  Andrew McComb
        President

6

FIC/FSIM 000144

## **ARTICLE G - GENERAL**

1. This Commutation constitutes the entire understanding by and between the Parties hereto, superseding all negotiations, prior discussions, representations, promises, and understandings, oral or written, expressed or implied, made prior to or contemporaneous with its execution.

2. This Commutation may only be modified or amended by a written agreement, entered into subsequent to the date of the Commutation and duly executed by the Parties hereto. Such modification or amendment may require approval of the Justice of the Supreme Court of the State of New York supervising the Frontier rehabilitation.

3. This Commutation and any of the rights and/or obligations herein may not be assigned in whole or in part by any of the Parties hereto without prior written approval of the Parties hereto.

4. This Commutation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, heirs, executors, and administrators.

5. Waiver by any of the Parties of any term, provision, or condition of this Commutation shall not be construed to be a waiver of any other term, provision, or condition hereof, nor shall such waiver be deemed a waiver of any subsequent breach of the same term, provision, or condition.

6. The failure of any Party to enforce any of the provisions herein shall not be construed to be a waiver of the right of such Party to enforce any such provisions.

7. Each of the Parties hereto shall use its best efforts to cooperate with the other Party hereto in performing all acts necessary for carrying out this Commutation.

8. The Parties to this Commutation are entering into it in good faith, at arm's length, and in the regular course of business and are in agreement that this Commutation is

FIC/FSIM 000145

valid and enforceable. However, in the event that any court of competent jurisdiction or governmental agency renders an order, ruling, or other determination declaring this Commutation or any material provision hereof null and void, it is mutually agreed by the Rehabilitator and Platinum that each shall be restored to the position it was in just prior to entering into this Commutation.

9. If any provision of this Commutation, other than a provision covered in Section 8 of this Article is held by a court of competent jurisdiction to be invalid, the remaining provisions shall remain in full force and effect.

10. This Commutation shall be interpreted, construed, and enforced in accordance with the laws of the State of New York, without regard to its rules concerning conflict of laws.

11. In the event any differences or disputes arise between the Rehabilitator and Platinum with reference to this Commutation or the terms hereof, the same shall be referred to and determined solely in the Frontier rehabilitation pending in the Supreme Court of the State of New York.

12. Platinum hereby subjects itself to the personal jurisdiction of the Supreme Court of the State of New York and appoints the Superintendent of Insurance of the State of New York as its agent for acceptance of service of all process except service of the Order as specified in Article A.

13. The headings in this Commutation are descriptive only and shall not affect the interpretation or construction of this Commutation.

FIC/FSIM 000146

**IN WITNESS WHEREOF** the Parties hereto have executed this

Commutation as of the date(s) set forth below.

**GREGORY V. SERIO**
**Superintendent of Insurance of the**
**State of New York as Rehabilitator of**
**Frontier Insurance Company**

BY:  _____
  RICHARD S. KARPIN
  Assistant Special Deputy
  Superintendent of Insurance

                                    _Florence Cornett_____
                                    Witness

DATE:  _December 27, 2002_____

**PLATINUM INDEMNITY LIMITED**

BY:  _____
  ANDREW McCOMB
  President

                                    _____
                                    Witness

DATE:  DECEMBER 2, 2002

9

**EXHIBIT B**

## ASSIGNMENT

For Ten Dollars ($10.00) and other good and sufficient

consideration, receipt of which is hereby acknowledged, Platinum Indemnity

Limited, a company organized and existing under the laws of the Islands of

Bermuda ("Assignor"), assigns all right, title, and interest in:

> (i)    the attached Subscription and Shareholders
> Agreement (the "Agreement") executed as of
> January 16, 1998 between Platinum and Food
> Services Insurance Managers, Inc., a corporation
> organized and existing under the laws of California
> ("FSIM"); and

> (ii)   the attached promissory note executed November 8,
> 2000 whereby FSIM promised to pay $469,515.00
> plus interest to Platinum

to GREGORY V. SERIO, Superintendent of Insurance of the State of New York

as Rehabilitator (the "Assignee") of Frontier Insurance Company ("Frontier") of

123 William Street, New York, New York.

Platinum further agrees to execute all documents which may be

necessary to effectuate the assignment of rights under the Agreement, and to

cooperate in any proceedings in which the Assignee may elect to pursue

enforcement of such rights, and to maintain all documents relevant to such rights

and, upon request, to timely provide copies of any such documents.

**PLATINUM INDEMNITY LIMITED**

BY:

ANDREW McCOMB
President

Witness

DATE:     DECEMBER 2, 2002

2

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of                                    Index No. 405090/01

the Rehabilitation of                               **VERIFIED PETITION**

FRONTIER INSURANCE COMPANY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TO THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

      The Verified Petition of GREGORY V. SERIO, Superintendent of Insurance of

the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY

("FRONTIER"), by RICHARD S. KARPIN, Assistant Special Deputy Superintendent of

Insurance and Agent in this proceeding, for approval of an agreement to compromise a claim

pursuant to Section 7428 of the New York Insurance Law, respectfully shows and alleges:

      <u>FIRST</u>:  Your petitioner is the Superintendent of Insurance of the State of New

York, as Rehabilitator of FRONTIER (the "Rehabilitator").

      <u>SECOND</u>:  FRONTIER was incorporated under the laws of the State of New

York as a stock property/casualty insurer on November 2, 1962 and commenced business on

August 17, 1966.

      <u>THIRD</u>:  On October 15, 2001, FRONTIER was placed into rehabilitation by

order of this Court (the "Order of Rehabilitation") pursuant to which the Rehabilitator was

authorized and directed to take possession of the property and rehabilitate FRONTIER and

was vested with title to all property, contracts, and rights of action of FRONTIER.

FOURTH: Subsequently, pursuant to the terms and provisions of the Order of Rehabilitation and Article 74 of the Insurance Law, RICHARD S. KARPIN was duly appointed Assistant Special Deputy Superintendent of Insurance and Agent in this proceeding.

FIFTH: Prior to the rehabilitation of FRONTIER, PLATINUM INDEMNITY LIMITED ("PLATINUM") entered into a reinsurance agreement (the "Agreement") whereby PLATINUM was committed to reinsure certain risks of FRONTIER in respect of FRONTIER's liability on certain direct policies classified as food manufacturing and related industries and produced by Dwight Halvorson Insurance Services of Roseville, California.

SIXTH: Pursuant to a Subscription and Shareholders Agreement annexed hereto as EXHIBIT 3, made as of January 16, 1998 and the Promissory Note annexed hereto as EXHIBIT 4, Food Services Insurance Managers, Inc., a corporation organized and existing under the laws of California ("FSIM"), has undertaken to pay certain amounts to PLATINUM as additional capital contributions and as indemnification for negative balances in the account for Undistributed Profit Attributable to the Preferred Share (the "FSIM Obligations");

SEVENTH: In an effort to settle and commute all liabilities and obligations between the parties, PLATINUM has offered to pay and the Rehabilitator has agreed to accept the sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Amount") and the duly executed Assignment in the form annexed as EXHIBIT 5 assigning to the Rehabilitator all right, title and interest in the FISM Obligations, including without limitation the FSIM Promissory Note (the "Settlement Consideration") as full and final satisfaction of all past, present, and future liabilities of PLATINUM based on, relating to, or arising out of the Agreement.

EIGHTH: On December 2, 2002 and December 27, 2002 the parties executed the Reinsurance Commutation and Release Agreement (the "Commutation") in the form annexed hereto as Exhibit A.

FIC/FSIM 000151

NINTH: Pursuant to the terms of the Commutation, PLATINUM will transfer the Settlement Amount to the Rehabilitator within fifteen (15) days of service upon PLATINUM of an Order approving the terms of this Commutation.

TENTH: Members of the Rehabilitator's staff carefully reviewed all of the circumstances surrounding this matter and recommended that this offer be accepted and the matter be disposed of.

ELEVENTH: The primary reasons the Rehabilitator agreed to this Commutation and is respectfully asking the Court to accept this Commutation are:

1. The Commutation will enable the Rehabilitator to pursue the balances due from FSIM including all claims paid as of the date of valuation;

2. The Commutation will enable the Rehabilitator to pursue balances due on future claims as they are settled.

3. The Commutation will presently bring Fifteen Thousand Dollars and No Cents ($15,000.00) into the FRONTIER estate which could immediately begin earning interest;

4. The Commutation would negate potentially expensive and protracted accounting and collection efforts to resolve the issue of the respective rights, duties and obligations of the parties pursuant to the Agreement.

TWELFTH: As the Rehabilitator is compromising a claim which exceeds Twenty Five Hundred Dollars ($2,500), Petitioner asks the Court to approve this Commutation pursuant to Section 7428 of the Insurance Law.

THIRTEENTH: Petitioner respectfully submits that the aforementioned settlement offer of Fifteen Thousand Dollars and No Cents ($15,000.00) plus the Assignment is fair and reasonable under the circumstances and is in the best interest of all the creditors and others interested in the affairs of the estate of FRONTIER.

FOURTEENTH: No previous application has been made for the relief requested herein to this or any other Court or Judge.

WHEREFORE, your petitioner prays for an Order of this Court authorizing and permitting the Rehabilitator to enter into the Commutation in the form annexed hereto and the transactions contemplated thereby, upon the terms and conditions set forth, and authorizing and permitting the Rehabilitator and his Assistant Special Deputy of Insurance to take such steps and to therein execute such Agreement and papers as may be necessary to effect, carry out and consummate said Commutation and said transactions.

Dated:    New York, New York
          March 5    , 2003

                         GREGORY V. SERIO
                         Superintendent of Insurance of the State
                         of New York as Rehabilitator of
                         FRONTIER INSURANCE COMPANY

                    By: _____
                         RICHARD S. KARPIN
                         Assistant Special Deputy Superintendent of
                         Insurance and Agent

STATE OF NEW YORK   )
                                      ) ss.:
COUNTY OF NEW YORK)


RICHARD S. KARPIN, being duly sworn, deposes and says:

That he has read the foregoing Verified Petition and knows the contents thereof, and that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true; that the reason this petition is verified by this deponent rather than by the Superintendent of Insurance is that deponent is the duly appointed Assistant Special Deputy Superintendent of Insurance and Agent to take possession of the property of and rehabilitate the business of FRONTIER INSURANCE COMPANY, and as such is acquainted with the facts alleged therein.

Deponent further says that the sources of his information and the grounds of his belief as to the matters stated in said Verified Petition to be alleged upon information and belief are records, books and papers of said company in the possession of the Rehabilitator and communications made to deponent by employees and attorneys of the Rehabilitator.

RICHARD S. KARPIN

Sworn to before me this
5TH day of MARCH , 2003


Notary Public

STEVE S. MAHADEO
Notary Public, State of New York
No. 24-4997743
Qualified in Kings County
Commission Expires 6/15/2006

**EXHIBIT D**

At IAS Part 19 of the Supreme Court of the State of
New York, County of New York, at the Courthouse
thereof, 60 Centre Street, in the Borough of
Manhattan, City and State of New York, on the
day of                    , 2003.

**APR 3 0 2003**

PRESENT:

HON. EDWARD H. LEHNER

JUSTICE.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of                                    INDEX No. 405090/01

the Rehabilitation of                               Order No.:    **7**

FRONTIER INSURANCE COMPANY

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**FILED**
**MAY 02 2003**
**NEW YORK COUNTY CLERK'S OFFICE**

Upon reading and filing the annexed Verified Petition of GREGORY V. SERIO,
Superintendent of Insurance of the State of New York, as REHABILITATOR of FRONTIER
INSURANCE COMPANY ("FRONTIER") by RICHARD S. KARPIN, Assistant Special
Deputy Superintendent of Insurance and Agent in this proceeding, for compromise of a claim
against PLATINUM INDEMNITY LIMITED pursuant to Section 7428 of the New York
Insurance Law, duly verified the 5th day of MARCH , 2003, the Affirmation of Christina J.
Lee dated MARCH 5 , 2003, and upon all the papers and proceedings heretofore had
herein;

AND, it appearing from the Verified Petition of GREGORY V. SERIO, that the
interests of FRONTIER INSURANCE COMPANY, in Rehabilitation, its creditors, and all
others interested in the affairs of FRONTIER INSURANCE COMPANY, will best be served by
acceptance of the compromise and settlement referred to in said Verified Petition, and the relief
prayed for in the Verified Petition should be granted;

NOW, on motion of STEVEN R. HARRIS, Esq., Attorney for the petitioner, it is

ORDERED, that the prayer of said petitioner be and the same hereby is granted; and it is further

ORDERED, that the Rehabilitator of FRONTIER INSURANCE COMPANY, and/or his duly authorized Assistant Special Deputy Superintendent of Insurance, be and they hereby are authorized and permitted to compromise and settle the Rehabilitator's claim against PLATINUM INDEMNITY LIMITED as more fully set forth in the annexed Verified Petition for the sum of Fifteen Thousand Dollars and No Cents ($15,000.00) and the delivery of a duly executed Assignment.

ORDERED, that the Rehabilitator of FRONTIER INSURANCE COMPANY, and/or his successors in office, and/or his duly authorized Assistant Special Deputy Superintendent of Insurance, be and they hereby are authorized and permitted to execute releases and any other instruments necessary to consummate the aforesaid settlement and to carry out and do so cause to be carried out and do all things that may be necessary or desirable to consummate the same.

ENTER



J. S. C.

FILED
MAY 02 2008
NEW YORK
COUNTY CLERK'S OFFICE

Exhibit A    Exhibit 2    Exhibit 3