SCHINDEL, FARMAN & LIPSIUS LLP
14 Penn Plaza Suite 500
(225 West 34th Street)
New York, New York 10122
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory V. Serio, Superintendent of Insurance of the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY, and as Assignee of PLATINUM INDEMNITY, LTD, <br><br> Plaintiff, <br><br> vs. <br><br> DWIGHT HALVORSON INSURANCE SERVICES, INC d/b/a F.S.I.M. INSURANCE SERVICES and FOOD SERVICES INSURANCE MANAGERS, INC., <br><br> Defendants | 04 CV 3361 (KMK) <br><br> **DEFENDANTS RULE 56.1 STATEMENT** |

Defendants Dwight Halvorson Insurance Services, Inc. ("DHIS") and Food Service Insurance Managers, Inc. (FSIM"), PURSUANT TO Local Rule 56.1, submit the following in response to Plaintiff's Rule 56.1 Statement.

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit..

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Deny. The program was developed jointly with Frontier and Platinum. Halvorson Declaration at ¶ 9.

15. Deny. The program was developed jointly with Frontier and Platinum. Halvorson Declaration at ¶ 9.

16. Admit.

17. Admit.

18. Admit.

19. Deny. The agreement sate out a moire detailed and specific calculation of "Negative Balance" and also requires written notice of any "Negative Balance."

20. Admit.

21. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

22. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

23. Insufficient information to admit or deny.

24. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or

discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

25. Insufficient information to admit or deny.

26. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

27. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

28. Deny. There was a meeting between Mr. McComb and Mr. Halvorson in about June 2000, however there was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance.". Halvorson Declaration at ¶ 32, 33, 34, 35.

29. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance." Moreover, Platinum simply presented the Note for DHIS execution. Halvorson Declaration at ¶¶ 18, 32, 33, 34, 35.

30. Deny. There was no "negotiation" and there was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance." Mr. McComb represented that there was a shortage in the "capital contribution" to Platinum and also that the Bermuda regulatory authorities would take legal action against FSIM for that amount. Moreover, Platinum simply presented the Note for DHIS execution. Halvorson Declaration at ¶¶ 18, 32, 33, 34, 35.

31. Deny. There was never a "Negative Balance" notice of a "Negative Balance" or discussion of a "Negative Balance." Mr. McComb represented that there was a shortage in the "capital contribution" to Platinum and also that the Bermuda regulatory authorities would take legal action against FSIM for that amount.

Moreover, Platinum simply presented the Note for DHIS execution and represented that the $469,515.00 was the amount of the shortage. The Note was forwarded in about August, 2000. Halvorson Declaration at ¶¶7, 18, 32, 33, 34, 35 and attached exhibit.

32. Deny. The Note was forwarded in about August, 2000. Halvorson Declaration at ¶¶7 and attached exhibit.

33. Unable to say whether the original was sent to Platinum.

34. Admit.

35. Admit.

36. Deny. A last payment was made in or about April 2001 but there was "balance" due on the Note as there was no consideration for the Note Halvorson Declaration at ¶¶7, 18, 32, 33, 34, 35 and attached exhibit.

37. Deny. Halvorson Declaration at ¶¶35.

38. Deny. Halvorson Declaration at ¶¶35.

39. Admit. Halvorson Declaration at ¶¶10.

40. Insufficient information to admit or deny.

41. Insufficient information to admit or deny.

42. Insufficient information to admit or deny.

43. Insufficient information to admit or deny.

44. Insufficient information to admit or deny.

45. Insufficient information to admit or deny.

46. Insufficient information to admit or deny.

47. Deny. There is no "unpaid balance" due on the Note as there was no consideration

for the Note Halvorson Declaration at ¶¶7, 18, 32, 33, 34, 35 and attached exhibit.

48. Admit.

**Defendants Contend**

1. There are material issues of fact concerning whether any consideration was provided for the Note. Answer at ¶¶ 123-131, 141-153; Halvorson declaration at ¶¶ 6-8, 16-21, 32-35.

2. There are material issues of fact whether the Platinum procured the Note through material misrepresentations. Answer at ¶¶ 123- 131, 141-153; Halvorson declaration at ¶¶ 6-8, 16-21, 32-35.

Dated:   December 13, 2005
         New York, New York

SCHINDEL, FARMAN & LIPSIUS LLP
Attorneys Defendants

By: _____
Lorienton N.A. Palmer (LP3934)
14 Penn Plaza, Suite 500
New York, NY 10122
Telephone No.: (212) 563-1710
Fax: (212) 695-6602
File No.: 3090.0001