

# FEATHERSTONHAUGH, WILEY & CLYNE, LLP
ATTORNEYS AND COUNSELLORS AT LAW

99 PINE STREET
ALBANY, NEW YORK 12207
WEBSITE: FWC-LAW.COM

RANDALL J. EZICK
OF COUNSEL
rje@fwc-law.com

PHONE: (518) 436-0786
FAX: (518) 427-0452

October 12, 2007

Honorable Kenneth M. Karas
United States District Court
500 South Pearl Street, Room 920
New York, New York 10007

RE:   **Serio v. Dwight Halvorson Insurance Services, Inc., et. al.**
      **1:04-cv-3361**
      **Our File No.: CHUBGR 2007013**

Dear Judge Karas:

This letter brief is being submitted in response to the Court's direction in its October 4, 2007 Opinion and Order that the plaintiff submit an explanation as to why the amount of damages claimed in Count IV of the complaint premised upon failure to pay a promissory note should not beheld in escrow until defendants' set-off claims alleged at paragraphs "149" and "150" of their answer are resolved. More specifically, the defendants' twelfth and thirteenth affirmative defenses allege:

> Plaintiff's claims herein, if any, shall be reduced by the amounts owed to defendants by Frontier and by the amount of payments made by FSIM to Platinum under the terms of the "Promissory Note."[1]

and

> Plaintiff's claims herein, if any, shall be reduced by the amounts owed to defendants by Frontier and by the amount of the payments made by FSIM to Frontier on behalf of Platinum.

---

[1] The amount sought in plaintiff's motion for partial summary judgment did take into account amounts paid by FSIM to Platinum under the terms of the promissory note.

In its motion papers, the plaintiff asserted that there were no genuine issues of material fact that would warrant or justify a trial with respect to its claim set forth in Count IV. (Memorandum in Support of Motion for Partial Summary Judgment, p. 2). It further asserted that there was no valid defense to the motion. (Reply Memorandum in Support of Motion for Partial Summary Judgment, p. 3). The defendants did not assert or rely on either of the subject affirmative defenses: i.e. they did not contend that they were entitled to any set-off based on monies owed by Frontier, monies paid to Platinum or monies paid to Frontier on behalf of Platinum. Rather, the defendants' opposition to the motion was limited to defenses of fraudulent inducement and lack of consideration in connection with its obligations under the promissory note, which the Court determined were without merit.

In the leading case of Celotex Corp. v. Catrect, 477 U.S. 317 (1986) the Court held that:

> In our view, the plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing of an essential element of her case with respect to which she has the burden of proof.

Id. at 323. With respect to the burden on the moving party, the Court further held that there was no requirement under Rule 56 that it submit affidavits or similar materials *negating* the opponent's claim based, in part, on its analysis of the language of Rule 56 (a) and (b) which provides that a motion may be made "*with or without supporting affidavits*" and Rule 56 (c) which refers to "the affidavits, *if any*", suggesting the absence of such a requirement. Id. at 323. Accordingly, the Court found that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

In accordance with the foregoing, Rule 56 (e) provides, in part, that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth facts showing that there is a genuine issue for trial. (emphasis added)

The rationale and holding of the Celotex Court has repeatedly been acknowledged and adhered to by the Second Circuit. Evans v. Consumer Information & Dispute Resolution, 2007 U.S. App. LEXIS 9186 (2d Cir. 2007); Pavel v. Plymouth Management Group, Inc., 2006 U.S.

{WD008620.1}                                    2

App. LEXIS 21195 (2d Cir. 2006) and <u>Federal Deposit Ins. Corp. v. Giammettei</u>, 34 F.3d 51 (2d Cir. 1994). Specifically, with respect to affirmative defenses, the Second Circuit has held:

> While whatever evidence there is to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving party, there is "no express or implied requirement under Rule 56 that the moving party support its motion with affidavits or other similar material *negating* the opponent's claim." <u>Celotex, 477 U.S. at 323</u> (emphasis in original).

In this case, the plaintiff's motion clearly "showed" or "pointed out" that there was no valid defense to its motion for summary judgment which raised a material issue of fact requiring a trial. At that point it was the defendants' burden and obligation to come forward with proof, other than the allegations of its answer, and establish a material issue of fact. This they failed to do. In particular, they failed to even address their claims for a potential set-off pled as their twelfth and thirteenth affirmative defenses. In view of the fact that the defendants failed to meet their burden of establishing that the subject affirmative defenses raised a material issue of fact, there is no basis upon which the Court should direct that the damages claimed in Count IV of the plaintiff's complaint be held in escrow pending a trial on the defendants' claim for a set-off.

Very truly yours,

Featherstonhaugh, Wiley & Clyne, LLP

Randall J. Ezick

RJE:lar
cc:   Lorienton N. A. Palmer - Schindel, Farman & Lipsius LLP

{WD008620.1}                                3