

# FEATHERSTONHAUGH, WILEY & CLYNE, LLP
ATTORNEYS AND COUNSELLORS AT LAW

**L... ENDORSED**

99 PINE STREET
ALBANY, NEW YORK 12207
WEBSITE: FWC-LAW.COM

RANDALL J. EZICK
OF COUNSEL
rje@fwc-law.com

PHONE: (518) 436-0786
FAX: (518) 427-0452

June 12, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

**VIA FACSIMILE** – (914) 390-4152

Hon. Kenneth M. Karas
United States District Court
300 Quarropas St., 3rd Floor
White Plains, NY 10601

Re: Serio v. Dwight Halvorson Insurance Services, Inc., et. al.
1:04-cv-3361
Our File No.: FRONIN 2006039

Dear Judge Karas:

    We are herewith requesting a telephone conference, with the consent of opposing counsel, to resolve two issues that have arisen with respect to the Court's May 20, 2008 Order requiring the judgment funds arising under Count IV of the Complaint to be deposited in an escrow account within thirty (30) days. A copy of the Order is attached. Both counsel will be available anytime on June 16th, 17th or 18th of next week for such conference.

    The first issue concerns the amount to be deposited. On that issue, the Court rendered an Opinion and Order on October 4, 2007 granting the plaintiff's motion for partial summary judgment on Count IV of the Complaint which was based on the defendant's default on a promissory note dated November 8, 2000. A copy of the final page of the October 4, 2007 Opinion and Order is attached. Although the Court did not specify an amount in its Opinion and Order, the plaintiff's motion clearly sought the amount of $322,515.00, plus interest. A copy of the plaintiff's Notice of Motion is attached.

    Following receipt of the Court's May 20, 2008 Order I conferred with opposing counsel and sent him a letter on May 22, 2008 regarding the amount to be deposited. In that correspondence, a copy of which is attached, I pointed out that the Promissory Note called for interest at the Federal Fund Rate plus 2% upon default and that the last payment on the Note was made in April of 2001. A copy of the Promissory Note is also attached.

{WD016987 1}

Pursuant to the terms of the Note the monthly payments were due on the 15th and accordingly the Note went into default on or before May 15, 2001. That means that there is now seven years interest due on the principal balance of $322,515.00 due on the Note. As noted in the letter, I obtained the Federal Funds Effective Rate from the Federal Reserve web site and calculated the interest due for seven years (May 15, 2001 - May 15, 2008) to be $111,074.17. A copy of the interest calculation is attached. Adding the outstanding interest to the principal we believe that the total amount to be deposited is $433,589.17 as shown in the interest calculation. Opposing counsel is taking the position that only the principal amount of $322,515.00 needs to be deposited.

The second issue concerns the form of the escrow account for the funds to be deposited into. In my May 22, 2008 letter to counsel I requested that the funds be deposited into our firm's escrow account to be held pending the trial of this action. This request was based upon a prior conference with the Court in which, my notes reflect, this was suggested by the Court and agreed to by opposing counsel who did not want to turn the funds over to our client. In that regard, I am attaching a copy of my November 8, 2007 correspondence to the Court in which we withdrew our objection to having the monies deposited in escrow and advised that our firm would agree to act as the escrow agent of the funds. Opposing counsel does not recall agreeing to this suggestion.

In summary we would request that the defendant be directed to deposit the sum of $433,589.17 in our firm's escrow account pending the final determination of this action.

Very truly yours,

Featherstonhaugh, Wiley & Clyne, LLP

Randall J. Ezick

RJE:lar
cc: Lorienton N. A. Palmer - Schindel, Farman & Lipsius LLP
    Via Facsimile – (212) 695-6602 and
    e-mail – lpalmer@sfl-legal.com

{WD016987.1}

> No telephone conference is necessary. It stands to reason that the interest should be included in the amount to be held in escrow, and Defendant has offered no viable objection to having Plaintiff's counsel act as Escrow agent. Therefore, Plaintiff's counsel is to deposit $433,589.17 into an escrow account within the next 30 days. So Ordered. 6/13/08

Jun. 12. 2008 4:31PM                                                                 No. 1075  P. 4
Case 1:04-cv-03361-RJS-HBP   Document 73   Filed 06/16/2008   Page 3 of 14
Case 7:04-cv-03361-KMK-HBP   Document 68   Filed 05/21/2008   Page 1 of 1

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGORY V. SERIO, Superintendent of Insurance of the State of New York, as Rehabilitator of Frontier Insurance Company and as Assignee of Platinum Indemnity, Ltd.

        Plaintiff,

-v-

DWIGHT HALVORSON INSURANCE SERVICES, INC. d/b/a F.S.I.M. Insurance Services

        Defendants.

Case No. 04-CV-3361 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

In light of Plaintiff's November 8, 2007 letter to the Court, Plaintiff is hereby ORDERED to arrange for the judgment funds arising under Count IV of the Complaint to be deposited in an escrow account acceptable to Defendants within thirty (30) days of the date of this Order.

SO ORDERED.

Dated:    May 20, 2008
        White Plains, New York

                                            KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE

financial reports indicating that the Note addressed a dispute relating to the first policy year of the Subscription Agreement, not the second. Therefore, Plaintiff's Motion for Summary Judgment on Count IV is granted.

### E. Defendants' Set Off Claim

Separate from its putative defenses to Count IV of the Complaint, FSIM has alleged in its Answer that it is entitled to a set off against the related claims of Frontier for sums it paid to Platinum under the Note, but which allegedly were paid to Frontier. (Answer ¶ 149.) Plaintiff has not addressed this claim. Thus, Plaintiff is to submit in writing within ten (10) days of the date of this Opinion and Order an explanation as to why the amount of damages claimed in Count IV should not be held in escrow until Defendants' set off claims are resolved. Defendants have seven (7) days to respond.

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment on Count IV is GRANTED, subject to the conditions set forth above. The Clerk of the Court is directed to terminate the Motion.

SO ORDERED.

Dated: October 4, 2007
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Gregory V. Serio, Superintendent of Insurance : 04 CV 3361 (KMK)
of the State of New York, as Rehabilitator of :
FRONTIER INSURANCE COMPANY, and as :
Assignee of PLATINUM INDEMNITY, LTD., :
:
                                  Plaintiff, : **NOTICE OF MOTION**
:
           -against- :
:
DWIGHT HALVORSON INSURANCE :
SERVICES, INC. d/b/a/ F.S.I.M. INSURANCE :
SERVICES and FOOD SERVICE INSURANCE :
MANAGERS, INC., :
:
                                  Defendants. :
------------------------------------------------------------x

       PLEASE TAKE NOTICE that, upon the annexed declarations of Nicholas J. Puleio and Andrew McComb, and the exhibits attached thereto, the memorandum of law submitted herewith, and the accompanying Local Rule 56.1 Statement, plaintiff Gregory V. Serio, Superintendent of Insurance of the State of New York, as Rehabilitator of Frontier Insurance Company and Assignee of Platinum Indemnity, Ltd., shall move this Court, before the Honorable Kenneth M. Karas, on a date and at a time to be fixed by the Court, seeking partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure on Count IV of the Complaint and entry of judgment against defendant Food Service Insurance Managers, Inc. ("FSIM") in the amount of $322,515.00, plus interest.

       PLEASE TAKE FURTHER NOTICE that FSIM shall serve its opposition papers so as to be received by the Superintendent's counsel by the close of business on December 2, 2005; and,

PLEASE TAKE FURTHER NOTICE that the Superintendent shall serve his reply papers, if any, so as to be received by FSIM's counsel by the close of business on December 9, 2005.

Dated: New York, New York
November 11, 2005

>    ENTWISTLE & CAPPUCCI LLP
>    280 Park Avenue, 26th Floor West
>    New York, New York 10017
>    (212) 894-7200
>
>    By: _____
>    WILLIAM S. GYVES (WG 2770)
>    MICHAEL A. MCDONOUGH (MM 5712)
>
>    Attorneys for Plaintiff

2



# FEATHERSTONHAUGH, WILEY & CLYNE, LLP
ATTORNEYS AND COUNSELLORS AT LAW

99 PINE STREET
ALBANY, NEW YORK 12207
WEBSITE FWC-LAW.COM

RANDALL J EZICK
OF COUNSEL
rje@fwc-law.com

PHONE (518) 436-0786
FAX. (518) 427-0452

May 22, 2008

Lorienton N.A. Palmer
Schindel, Farman, Lipsius, Gardner
 & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, NY 10122

RE: Serio v. Dwight Halvorson Insurance Services, Inc., et. al.
1:04-cv-3361
Our File No.: FRONIN 2006039

Dear Mr. Palmer:

In furtherance of Judge Karas' recent Order directing the escrow deposit of the funds representing the granting of partial summary judgment on our Promissory Note claim and our recent discussion, our file reflects that the principal due on the Note is $322,515 and the Note calls for interest at the Federal Fund Rate plus 2%. Although arguably interest could be calculated from the date of the note, November 8, 2000, the last payment on the Note was April of 2001 and the Note was clearly in default thereafter. Accordingly I do not believe there is any question that interest must run from at least May 1, 2001.

I have calculated the average Federal Fund Rate between May 2001 and April 2008 to be 2.92%. (A copy of the rate schedule obtained from the Federal Reserve web site is enclosed). Adding the 2% brings the interest rate to 4.92%. Based on this rate the interest due from May of 2001 to April of 2008 is $15,867.74 per year or $111,074.17 for seven years, making the total to be deposited $433,589.17. (A copy of the calculations is also enclosed).

Accordingly we would request you forward your client's check in the amount of $433,589.17 payable to Featherstonhaugh, Wiley & Clyne, LLP by June 20, 2008. Pursuant to Judge Karas' Order, we will deposit the funds in our escrow account pending the final resolution of this matter.

{WD016797.1}

In the event you have any questions or wish to discuss this matter further please contact us at your convenience.

Very truly yours,

Featherstonhaugh, Wiley & Clyne, LLP

Randall J. Ezick

RJE:lar
Enclosure

2

{WD016797.1}

PROMISSORY NOTE

PRINCIPAL: $469,515.00                                        November 8, 2000

       FOR VALUE RECEIVED on the above referenced date, Food Service Insurance Managers, Inc., a California corporation ("**Debtor**"), promises to pay to the order of Platinum Indemnity Limited, a Bermuda Company ("**Creditor**"), at Windsor Place, 3rd Floor, 18 Queen Street, Hamilton, Bermuda the principal sum of Four Hundred and Sixty Nine Thousand, Five Hundred and Fifteen Dollars and 00/100 Cents ($469,515.00) with interest as set forth herein, payable as follows:

       A.    Principal shall be paid on this Promissory Note (this "**Note**") as follows: Twenty One Thousand Dollars and No Cents ($21,000.00) on the fifteenth day of each month commencing with August 15, 2000. Such payment to be made by bank wire transfer to the bank and account detailed in Schedule I attached hereto, and any other bank and account as may be advised by the Creditor from time to time.

       B.    Subject to paragraph D below, interest at a variable rate, namely the Federal Funds Rate (the target interest rate for banks borrowing reserves among themselves as announced and in effect from time to time by the Federal Open Markets Committee of the U.S. Federal Reserve Board) plus two percentage points, shall accrue on principal outstanding from time to time. Subject to paragraph D below, interest payments shall be due on the fifteenth day of every month until Maturity.

       C.    Should interest not be paid by Debtor as stated, it shall thereafter bear like interest as the principal. Unpaid interest shall be compounded at a rate not to exceed simple interest on the unpaid principal at the maximum rate permitted by law.

       D.    Notwithstanding anything to the contrary herein, interest shall not begin to accrue on any amounts due hereunder until such time as the "Separate Account" maintained for Debtor by Creditor ceases to have a positive balance. The "**Separate Account**" is an account maintained by Creditor on its books which represents an ownership interest of Debtor in certain segregated assets of Creditor pursuant to the Subscription and Shareholder Agreement ("**Agreement**") dated January 16, 1998 between the Creditor and the Debtor and executed by both parties in Hamilton, Bermuda. For purposes of this Note, Creditor shall determine from time to time whether the Separate Account has a positive balance in accordance with the terms of the Agreement, and such determination shall be conclusive and binding on Debtor, absent manifest error. If Debtor nonetheless disputes Creditor's determination, Debtor shall pay the interest and principal amounts due hereunder as if such determination were undisputed and such dispute did not exist and Debtor's sole recourse against Creditor for such manifest error shall be an action separate from this Note.

       E.    This Promissory Note may be prepaid at any time without penalty. The

balance of principal and any outstanding interest as well as any other sum remaining unpaid on this Note shall be paid in full no later than August 15, 2002.

F. If any of the following events shall occur and be continuing for any reason whatsoever (and whether such occurrence shall be voluntary or involuntary or come about or be effected by operation of law or otherwise), an "**Event of Default**" shall be deemed to have occurred:

(1) If Debtor fails to pay any principal or interest on this Note when it becomes due and payable, or Debtor fails to pay any other cost, fee, expense or other amount owing to Creditor under this Note; or

(2) Debtor becomes insolvent or generally fails to pay, or admits in writing its inability or refusal to pay, debts as they become due; or Debtor applies for, consents to, or acquiesces in the appointment of a trustee, receiver or other custodian for Debtor or any property thereof, or makes a general assignment for the benefit of creditors; or, in the absence of such application, consent or acquiescence, a trustee, receiver or other custodian is appointed for Debtor or for a substantial part of the property of Debtor and is not discharged within 30 days; or any bankruptcy, reorganization, debt arrangement, or other case or proceeding under any bankruptcy or insolvency law, or any dissolution or liquidation, is commenced in respect of Debtor, and if such case or proceeding is not commenced by Debtor, it is consented to or acquiesced in by Debtor, or remains for 30 days undismissed; or Debtor takes any action to authorize, or in furtherance of, any of the foregoing.

G. THIS PROMISSORY NOTE SHALL BE GOVERNED BY BERMUDA LAW WITHOUT REGARD OR CONFLICT OF LAWS PRINCIPLES. SUIT HEREUNDER MAY BE BROUGHT IN A BERMUDA COURT. DEBTOR HEREBY IRREVOCABLY AND KNOWINGLY WAIVES ANY OBJECTION TO SUIT IN SUCH COURT DUE TO INCONVENIENCE OR UNSUITABILITY OF FORUM, VENUE OR OTHERWISE, AND HEREBY WAIVES ANY RIGHT DEBTOR MAY HAVE TO A JURY TRIAL. The foregoing shall not prejudice Creditor's right to bring suit in any jurisdiction it deems desirable or to enforce any judgments obtained in any jurisdiction. The remedies provided herein are not exclusive and Creditor shall have the option to utilize any one or more remedies available at law or in equity to enforce the provisions of this Note.

H. Principal and interest shall be payable in lawful money of the United States.

I. Debtor waives presentment, demand, notice of demand, protest, notice-of protest, notice of dishonor and notice of non-payment and agrees to pay such costs, expenses and reasonable attorneys' fees as may be adjudged by a court in connection with any litigation relating to this Note. No delay or omission of Creditor in exercising any right or remedy hereunder shall impair any such right or operate as a waiver thereof. No single or partial exercise by Creditor of any remedy shall preclude any further exercise thereof.

J.   Creditor may assign this Note without Debtor's consent; Debtor may not assign this Note without Creditor's prior written consent.

K.   If any provision or any word, term, clause or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provisions shall not be affected and shall remain in full force and effect.

IN WITNESS WHEREOF, Debtor has caused this Note to be executed by its officers thereunto duly authorized, all as of the day and year first above written.

FOOD SERVICE INSURANCE
MANAGERS, INC.

By: _____
    President

ATTEST:

By: _____
    Secretary

| Year/Month | Federal Funds Effective Rate |
|---|---|
| 2001-05 | 4.21 |
| 2001-06 | 3.97 |
| 2001-07 | 3.77 |
| 2001-08 | 3.65 |
| 2001-09 | 3.07 |
| 2001-10 | 2.49 |
| 2001-11 | 2.09 |
| 2001-12 | 1.82 |
| 2002-01 | 1.73 |
| 2002-02 | 1.74 |
| 2002-03 | 1.73 |
| 2002-04 | 1.75 |
| 2002-05 | 1.75 |
| 2002-06 | 1.75 |
| 2002-07 | 1.73 |
| 2002-08 | 1.74 |
| 2002-09 | 1.75 |
| 2002-10 | 1.75 |
| 2002-11 | 1.34 |
| 2002-12 | 1.24 |
| 2003-01 | 1.24 |
| 2003-02 | 1.26 |
| 2003-03 | 1.25 |
| 2003-04 | 1.26 |
| 2003-05 | 1.26 |
| 2003-06 | 1.22 |
| 2003-07 | 1.01 |
| 2003-08 | 1.03 |
| 2003-09 | 1.01 |
| 2003-10 | 1.01 |
| 2003-11 | 1.00 |
| 2003-12 | 0.98 |
| 2004-01 | 1.00 |
| 2004-02 | 1.01 |
| 2004-03 | 1.00 |
| 2004-04 | 1.00 |
| 2004-05 | 1.00 |
| 2004-06 | 1.03 |
| 2004-07 | 1.26 |
| 2004-08 | 1.43 |
| 2004-09 | 1.61 |
| 2004-10 | 1.76 |
| 2004-11 | 1.93 |
| 2004-12 | 2.16 |
| 2005-01 | 2.28 |
| 2005-02 | 2.50 |
| 2005-03 | 2.63 |
| 2005-04 | 2.79 |
| 2005-05 | 3.00 |
| 2005-06 | 3.04 |

| | |
|---|---|
| 2005-07 | 3.26 |
| 2005-08 | 3.50 |
| 2005-09 | 3.62 |
| 2005-10 | 3.78 |
| 2005-11 | 4.00 |
| 2005-12 | 4.16 |
| 2006-01 | 4.29 |
| 2006-02 | 4.49 |
| 2006-03 | 4.59 |
| 2006-04 | 4.79 |
| 2006-05 | 4.94 |
| 2006-06 | 4.99 |
| 2006-07 | 5.24 |
| 2006-08 | 5.25 |
| 2006-09 | 5.25 |
| 2006-10 | 5.25 |
| 2006-11 | 5.25 |
| 2006-12 | 5.24 |
| 2007-01 | 5.25 |
| 2007-02 | 5.26 |
| 2007-03 | 5.26 |
| 2007-04 | 5.25 |
| 2007-05 | 5.25 |
| 2007-06 | 5.25 |
| 2007-07 | 5.26 |
| 2007-08 | 5.02 |
| 2007-09 | 4.94 |
| 2007-10 | 4.76 |
| 2007-11 | 4.49 |
| 2007-12 | 4.24 |
| 2008-01 | 3.94 |
| 2008-02 | 2.98 |
| 2008-03 | 2.61 |
| 2008-04 | 2.28 |
| AVERAGE | 2.92 |
| AVERAGE + 2% | 4.92 |
| BALANCE | 322515.00 |
| 1 YEAR OF INTEREST | 15867.74 |
| 7 YEARS OF INTEREST | 111074.17 |
| TOTAL | 433589.17 |



## FEATHERSTONHAUGH, WILEY & CLYNE, LLP
ATTORNEYS AND COUNSELLORS AT LAW

99 PINE STREET
ALBANY, NEW YORK 12207
WEBSITE: FWC-LAW.COM

RANDALL J. EZICK
OF COUNSEL
rje@fwc-law.com

PHONE (518) 436-0786
FAX (518) 427-0452

November 8, 2007

Hon. Kenneth M. Karas
United States District Court
500 South Pearl Street, Room 920
New York, NY 10007

Re: Serio v. Dwight Halvorson Insurance Services, Inc., et. al.
1:04-cv-3361
Our File No.: FRONIN 2006039

Dear Judge Karas:

In furtherance of the recent conference in the above referenced matter, this letter is submitted on the issue of whether the monies paid in satisfaction of the partial judgment by the defendants should be paid directly to the plaintiff or placed in escrow pending the final determination of the action. Upon reviewing this matter further, from a purely factual standpoint, we believe the only acceptable means of ensuring that the judgment funds will be available to respond to any potential set-off established by the defendants at trial is to have the monies placed in escrow.

In accordance with the foregoing, our firm would be willing to place the judgment funds in escrow pending the final resolution of this matter if it is acceptable to the Court.

Very truly yours,

Featherstonhaugh, Wiley & Clyne, LLP

Randall J. Ezick

RJE:lar
cc: Lorienton N. A. Palmer - Schindel, Farman & Lipsius LLP

{WD00894! 1}