# SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

ATTORNEYS AT LAW

14 PENN PLAZA

SUITE 500

NEW YORK, N.Y. 10122

LORIENTON PALMER
EXTENSION 241
E-MAIL lpalmer@sfl-legal.com

(212) 563-1710
FACSIMILE (212) 695-8802
WEBSITE: www.sfl-legal.com

NEW JERSEY OFFICE
4 CORNWALL DRIVE, SUITE 101
EAST BRUNSWICK, N.J. 08816
(732) 390-0188
FACSIMILE (732) 452-7706

June 16, 2008

**VIA ECF AND FACSIMILE (914-390-4152)**

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE

Re: *Frontier Insurance Co. v. Dwight Halvorson Insurance Services, et al*
Docket No.:        1:04-cv-3361
FW&C File No.   : FRONIN 2006039
Our File No.      : 3090.0001

Dear Judge Karas:

This is submitted in response to the Court's June 13, 2008 order [*ECF document # 73*], endorsed on Mr. Ezick's June 12, 2008 letter requesting a conference. The Court's order was received today June 16, 2008.

I did not specifically respond to Mr. Ezick's June 12, 2008 letter because I expected the Court would schedule the requested conference to address the issues raised before issuing a decision on Mr. Ezick's request. I apologize to the Court and to counsel if this caused any misunderstanding.

Defendants request the Court modify and/or clarify its June 13, 2008 order to the extent it requires that defendants place the sum of $433,589.17 ($322,515 plus interest calculated by Frontier) in escrow and to the extent the June 13, 2008 order may be read as a modification of the Court's May 20, 2008 order. The May 20, 2008 order directed the funds be deposited into an account "acceptable to defendants."

By its terms, the Note limits interest to a specific set of circumstances that have not been met. Additionally, the funds to be placed in escrow should not be placed in "firm escrow account" of Frontier's counsel. Instead, they should be placed into an account that requires the approval of both sided (or of the Court) for dispersal.

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Kenneth M. Karas
June 16, 2008
Page 2

The Court's prior order dated May 20, 2008 states that defendants were to deposit the "judgment funds" into an account that was "acceptable to defendants." The Court's June 13, 2008 order, responding to Mr. Ezick's June 12, 2008 request for a telephone conference, states that the amount calculated by Mr. Ezick ($433,589.17) was to be deposited into an account with plaintiff's "counsel to act as escrow agent." However, the terms of that agency is not specified.

Defendants object to both the amount of the funds and to depositing those funds into the "firm escrow account" of Frontier's counsel.

First, although the notice of motion sought interest on the $322,515 claimed outstanding under the Note, no argument or document was provided to the Court to support the interest claimed. Additionally, while the Court is correct that generally it would stand to reason that interest would be included, the Note itself limits interest to a specific set of circumstances that have not been met. Accordingly, Mr. Ezick's interest calculation that was provided to the Court with the letter dated June 12, 2008, is not accurate since it ignores the specific terms of the Note.

The only amount that is clearly before the Court is $322,515. The amount of any claimed interest on the Note was not calculated and/or presented to the Court during the motion or during the supplements to the motion. The Note (in ¶ B) specifically states that any interest claimed was subject to paragraph D. Paragraph D requires a periodic calculation based on the balance in a "separate account" that was to be created pursuant to the January 16, 1998 Subscription Shareholders Agreement. Interest would only be due under the Note when there was a "negative balance" in that "separate account." A copy of the Note was provided with Mr. Ezick's June 12, 2008 letter [*ECF document # 73*].

No information was presented on that "Separate Account" so, by the terms of the Note, no interest is due.

In fact, one of defendants' arguments against placing the amounts claimed under the Note in escrow was that the amount of interest claimed could not be calculated. In the letter dated October 18, 2007 [*ECF document #65*], and responding to Mr. Ezick's October 12, 2007 letter on the issue of damages [*ECF Document # 64*], defendants pointed out:

> Additionally, as suggested by the Court's Opinion & Order, a decision on the motion for summary judgment is not necessarily dispositive of damages. Here, for example, the Note states that interest may be due on the amount of the Note and refers to other documents (for example the Subscription Shareholders Agreement) for the calculation of the interest that may be due. Frontier never addressed the interest claimed. This interest calculation would require an evaluation the related agreements and would also require

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Kenneth M. Karas
June 16, 2008
Page 3

Frontier/Platinum to submit documentation to prove the "negative balance" that they claim was secured by the Note, including the "investment income" referenced above.

It is also significant that none of Mr. Ezick's prior letters that specifically addressed the issue of the claimed damages due under Count IV of the complaint provided any interest calculation.

Again, the only amount that was clear and specified before the Court was the $322,515 balance claimed due under the Note. That is the amount that should be deposited in any escrow account.

Second, to the extent the Court's June 13, 2008 order may be read to say the funds are to be deposited in the "firm escrow account" of Frontier's counsel, defendants specifically object to this and ask the Court to clarify.

The Court's May 20, 2008 order [ECF document #68] requires the funds to be deposited in an account acceptable to defendants. This makes sense since, by definition, Frontier's counsel acts as an agent for Frontier. If Frontier should direct its attorney to transfer the funds to Frontier, how would counsel for Frontier respond? This potential conflict would easily be avoided by placing the funds in an account that would require the approval of both sides (or an order of the Court) for its dispersal.

Accordingly, defendants request the Court amend its June 13, 2008 order to specify that the amount to be placed in escrow is the sum of $322,515 and that that sum is to be deposited into an account that requires the approval of both sides, or an order of the Court, for its dispersal.

*The Court will hold a telephone conference on June 26, 2008, at 9:45*

*So ordered -*
*6/17/08*

cc: Randall J. Ezick, Esq.
Featherstonhaugh, Wiley & Clyne, LLP

Respectfully submitted,

SCHINDEL, FARMAN, LIPSIUS
GARDNER & RABINOVICH, LLP

Lorenton N.A. Palmer